## DRAPER et al. v. WATTLES.[1]

### (Circuit Court, D. Massachusetts. February 21, 1879.)

1. Costs in Equity—Apportionment.

A plaintiff is not to be refused costs merely because he may not have recovered all that he has in good faith and with reasonable prudence supposed himself entitled to.

2. Same—Patent Suits.

Where three patents were sued on, and two were held valid and infringed, but as to the third it was found that infringement had not been fully made out by a preponderance of evidence, held, that plaintiff would not be denied full costs, especially as there had been no attempt to discriminate sharply the infringements of the third patent from the others.

This was a suit in equity by George Draper and others against Joseph W. Wattles for alleged infringement of three patents. The cause was heard upon a question as to the allowance of costs.

Thomas L. Livermore, for complainant.

David Hall Rice, for defendant.

LOWELL, Circuit Judge. The bill of complaint was brought upon three patents, and in the opinion of the court two of them were valid and had been infringed, and as to the third the finding was that the infringements had not been fully made out by a preponderance of the evidence. Under these circumstances the respondent contends that the costs should be apportioned in some equitable mode, and the complainants maintain that they should have full costs.

The court, undoubtedly, has control over the subject of costs, excepting when the case comes within section 4922, Rev. St., which provides that, if the patentee has claimed in his specification more than that of which he was the first inventor or discoverer, he shall recover no costs, unless he shall have entered a proper disclaimer at the patent office before suit. This power to award or refuse costs, in whole or in part, may prove to be useful in the very long and expensive litigations which are so much in vogue at the present time, and I should be unwilling to abdicate that power. But this case

[1] Not previously reported, and now published by request.

seems to come within that general rule, which is adopted in all courts of equitable jurisdiction, that a plaintiff is not to be refused his costs merely because he may not have recovered all that he has in good faith and with reasonable prudence supposed himself to be entitled to. The parties cannot always foresee what the evidence may be to meet their apparently sound case. Especially is this true in patent causes, in which the history of the art is often developed for the first time in the course of the suit. If the invention has been anticipated in any substantial part, the statute deals with the costs. Here, the court may be said to have determined a single issue out of many upon a failure to sustain the burden of proof, rather than upon any decided opinion that the plaintiffs had no right to complain of the defendant's acts.

It was for the interest of both parties that the plaintiffs should unite all their claims in one suit in equity, and there was no action taken to discriminate sharply the issue of infringement under the third patent from the others. The validity of all the patents was assailed, as well as the infringement of all, and the result has been to sustain the plaintiffs in a great majority of the many points which were raised by the pleadings. It would operate as a surprise and a hardship upon the plaintiffs, under these circumstances, to undertake to pick out the costs of the single issue upon which they have failed to make out their case to the satisfaction of the court. Costs to be taxed in full.