### DRAPER CO. v. AMERICAN LOOM CO. et al.

(Circuit Court, D. Massachusetts. March 24, 1909.)

No. 492.

PATENTS (§ 325*)—SUITS FOR INFRINGEMENT—COSTS.

Where, in a suit in equity on several patents, the complainant succeeds as to some and is defeated as to others, the costs are in the discretion of the court, and will be awarded according to the circumstances of the particular case.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 607; Dec. Dig. § 325.*]

In Equity.

Wm. K. Richardson, for complainant.

Wetmore & Jenner, for defendants.

LOWELL, Circuit Judge. The complainant brought a bill in equity to restrain the infringement of three letters patent. Testimony was taken concerning all three of them. At the argument before the Circuit Court, the complainant expressly withdrew the first patent from consideration, and pressed only the second and third. The Circuit Court dismissed the bill generally, with costs for the defendant. An appeal was taken by the complainant to the Circuit Court of Appeals. At the argument before that court the complainant expressly withdrew from the court's consideration the second patent, and argued altogether concerning the third. The Circuit Court of Appeals held the third patent valid and infringed, and reversed the decree of the Circuit Court, with costs against the defendant in the Circuit Court of Appeals. Pursuant to the mandate of the latter court, the Circuit Court now enters a final decree in favor of the complainant in respect of the third patent; but there is controversy concerning the allowance of costs in the Circuit Court.

An examination of the cases cited by the complainant, such as Draper v. Wattles (C. C.) 81 Fed. 374, and of those cited by the defendant, such as Saddle Co. v. Sager Gear Co. (C. C.) 122 Fed. 645, confirms me in the opinion that the Circuit Court is not bound by any hard and fast rule to award or to deny costs to one party or to the other in a case where several patents are in suit, and the complainant has failed as to all but one of them, while succeeding as to that one. As in other cases, so in the case supposed, costs are in the discretion of a court of equity, and here they will be awarded according to the circumstances of the particular case. Having examined the calculations made by complainant and defendant, I am of opinion that justice will most nearly be done in the case at bar if the complainant is allowed half the full costs ordinarily taxable against a defeated defendant in an infringement suit. No costs are allowed the defendant.